CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 13 2014

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **WILLIAM BILL CLARK,** | ) | **CASE NO. 7:14CV00275** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **DR. DAVID MCDONALD, ET AL.,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant(s).** | ) | |

William Bill Clark, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, suing the defendant officials at Augusta Correctional Center for monetary damages because they provided inadequate medical care and housed him in unsafe conditions. Upon review of the record, the court finds that the action must be summarily dismissed.

**Background**

Clark's submissions provide the following facts relevant to his claims. In 2012, Clark underwent surgery related to his Achilles tendon. At a follow up examination on June 18, 2012, the consulting physician noted that the tendon was healed and recommended six weeks of physical therapy to strengthen it. In August 2012, Dr. MacDonald[1] came to Augusta and examined Clark, who asked to be assigned to "permanent bottom bunk status." (Compl. 3.) The doctor did not find that Clark's medical conditions warranted this status. In 2013, Clark sustained some injury to his right thumb, leaving it swollen and unable to bend. On June 10,

[1] Plaintiff's complaint and grievances attached to the complaint identify as a defendant "Dr. McDonald," but attached grievance responses indicate that the doctor actually spells his last name "MacDonald." See, e.g., ECF No. 2-2, at 4.) Therefore, the court will refer to the doctor by that name.

2013, he asked for a bottom bunk because he could not grip with the injured thumb, but Dr. MacDonald refused to order one. Clark fell from the top bunk on June 23, 2013, injuring his shoulder and collar bone. Dr. MacDonald asked him if Motrin for pain would "be a problem," and Clark said, "Yes, and [they] both agreed on Tylenol for pain." (Compl. 4.) Clark experienced "a few days of irregular stomach aches," asked the nurse about the medication he had been taking, and discovered it was ibuprofen, the same medication found in Motrin. (Id.)

Clark complains that since July 14, 2013, Dr. MacDonald has refused to order an "MRI for [Clark's] injured left shoulder/collarbone joint; or even find out the extent of damage despite the obvious mis-shape, swelling and pain to this day." (Id. 2.) His exhibits indicate that a shoulder X-ray in July 2013 showed no fracture or dislocation of the shoulder, but indicated "mild degenerative changes." (Compl. Exh., ECF No. 2-3.) When Clark asked the doctor to order an MRI to pinpoint the cause of his pain, the doctor replied, "An MRI is not needed for your condition. This is a soft tissue injury, and very common among athletes/weightlifters." (Compl. Exh., ECF No. 2-3.)

Clark also sues the warden and unit manager of Augusta for failing to provide a "safety bar, guard-rail or hand grip to ensure an inmate's safe climb up and down the ladder of the bunks in the two-man cells. Clark apparently believes such safety equipment would have prevented his fall on June 24, 2013.

Finally, Clark sues two officers for pushing his heavy footlocker under his bunk on July 28, 2013.[2] Clark alleges that the officers should have known to leave the footlocker pulled out beside the bunk, because medical passes on the top of the footlocker stated that Clark should

[2] Clark submits a July 25, 2013, memo from the warden stating: "In order to comply with ACA standard[s] regarding unencumbered space all offender footlockers located in cells must be stored under the bottom bunk at all times unless [the inmate is] directly retrieving an item." (Compl. Exh., ECF No. 2-6.)

avoid lifting heavy objects. When Clark pulled the locker out from under the bunk, he injured his lower back.

**Discussion**

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

An Eighth Amendment claim regarding medical care requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (finding no expectation that prisoners will be provided with unqualified access to health care). The claim also requires proof that the plaintiff suffered significant injury from the alleged deliberate indifference to his medical needs. De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013).

Disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v.

Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, an inadvertent or negligent failure to provide adequate medical care does not constitute an "unnecessary and wanton infliction of pain" and does not amount to a constitutional violation of the Eighth Amendment. Estelle, 429 U.S. at 105 -06.

Clark's allegations state no viable Eighth Amendment claim regarding the medical treatment he has received. He does not allege facts indicating that Dr. MacDonald ignored his medical problems. Rather, Clark's submissions reflect that he disagreed with the doctor's decision not to order physical therapy or an MRI, not to write a bottom bunk pass, and to prescribe Motrin—treatment decisions Dr. MacDonald made after evaluating Clark's medical conditions and history. This court cannot second guess Dr. MacDonald's medical judgments as to the appropriate diagnostic test, diagnosis, or course of treatment. At the most, Clark alleges that Dr. MacDonald made inappropriate medical decisions, and such allegations of negligence are not actionable under § 1983. Clark also does not allege suffering any serious injury as a result of Dr. MacDonald's conduct. The court must summarily dismiss Clark's medical claims under § 1915A(b)(1) for failure to state a claim.

Clark's claims against the other jail officials are also grounded in negligence: asserting that the officers should have been more careful to install safety equipment and should have known moving the heavy footlocker would result in injury to Clark. Mere negligence by jail officials does not implicate an inmate's constitutional rights. Daniels v. Williams, 474 U.S. 327, 332 (1986); see, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). The court must summarily dismiss Clark's claims against the warden and the other officers without

prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 12th day of August, 2014.

Chief United States District Judge